[No. 860.  Decided June 27, 1893.]

SAMUEL LIVESLEY AND MARGARET LIVESLEY, *Respondents*, v. MORGAN P. O'BRIEN *et ux.*, *Appellants*.

JUDGMENT — FAILURE TO ANSWER INTERROGATORIES — MOTION TO VACATE — DISCRETION OF COURT.

Judgment may be given against defendants in an action for failure to answer interrogatories within the time prescribed by statute, although a formal order on the part of the court requiring defendants to answer such interrogatories has not been made.

A motion to vacate and set aside a judgment is directed to the discretion of the trial court, and its action in passing thereon will not be reversed on appeal, unless the showing made therefor leaves no room for the exercise of discretion by the lower court.

*Appeal from Superior Court, King County.*

*Stratton, Lewis & Gilman (Ernest S. Lyons*, of counsel), for appellants.

*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

HOYT, J.—The judgment in this case was rendered under the authority of § 1665, Code of Procedure, for

○

failure on the part of the defendants to answer interroga-
tories served upon them by the attorneys for the plaintiffs.
There is only one suggestion on the part of the defendants
against the regularity of the proceedings leading to the
rendition of this judgment, and that is, that there was no
formal order on the part of the court requiring the defend-
ants to answer such interrogatories. In our opinion, upon
the service of such interrogatories the defendants were re-
quired to answer the same, or show cause to the court why
they should not do so, within the time prescribed by the
statute, but even if this be not so, and it required some
formal action on the part of the court by way of approval
of such interrogatories before the defendants were so
called upon to answer, in this case such approval was given
by the court when it overruled the motion of the defend-
ants to strike them from the files. It follows that the
action of the court in rendering the judgment was regular.

The other question presented by the record is as to the
sufficiency of the showing made by the defendants upon
their motion to vacate and set aside such judgment.   Mo-
tions of this character are directed to the discretion of the
trial court, and its action in passing thereon will not be re-
versed by this court unless the record shows an abuse of
such discretion.    It is not sufficient that we should find as
a matter of fact that the showing was sufficient to have
justified the setting aside of the judgment.   We must
further find that the showing was such that there was no
room for the exercise of discretion by the lower court be-
fore we can rightfully interfere.   The showing made in
this case does not furnish proof which so satisfies our
minds.   The motion when first made, the day after the
rendition of the judgment, was accompanied by no showing
whatever, and it is doubtful whether, as a matter of right,
the defendants' showing thereafter made and filed without
express leave of the court was entitled to any considera-

tion whatever. But even if it was, we do not think that such facts are made to·appear therefrom that the duty of the court to set aside the judgment was made so clear that there was no proper discretion left in the court as to the action it should take. Such showing, although going over a good deal of ground, does not in fact give any good reason why the case did not receive the attention of some member of the firm of. attorneys who represented the defendants. Beside, such showing, in certain particulars at least, does not correspond with the facts alleged in the answer of the defendants.

The judgment and order appealed from must be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.