[No. 7990. Department One. July 10, 1909.]

## W. F. HAYS et al., Appellants, v. G. B. PEAVEY et al., Respondents.[1]

PROCESS—SUMMONS BY PUBLICATION—SUFFICIENCY. Under Laws 1897, p. 82, § 96, authorizing service of summons by publication directing the defendant to appear within sixty days after the date of the first publication, a summons requiring the defendant to appear within sixty days after the "service" of the summons is insufficient to confer jurisdiction to enter a default judgment.

EXECUTION—SALES—BONA FIDE PURCHASERS. The purchaser of a sheriff's certificate of sale under execution is not a *bona fide* purchaser as to defects in process on which the judgment was founded.

JUDGMENT—PROCESS—PUBLICATION. A valid personal judgment cannot be entered upon a service by publication.

PROCESS—SUMMONS BY PUBLICATION—STATING OBJECT OF ACTION. Where the object of an action was to ascertain and fix the amount of an indebtedness on contract and to direct the sale of attached property to pay the same, a summons for publication is irregular and misleading where it states that the object of the action is to recover a personal judgment in a specified sum for breach of the contract.

JUDGMENTS — VACATION — DISCRETION — APPEAL — REVIEW. The granting of a motion to vacate a default judgment within the statutory time will not be reversed except for abuse of discretion.

JUDGMENTS—DEFAULT—VACATION—GROUNDS. A default judgment in an action on contract is properly vacated where it appears that service of summons was made by publication and real property was attached, that the summons did not properly state the object of the action, and that a personal judgment was entered by default against the defendants so served without referring to the land attached, which was subsequently sold under execution.

Appeal from an order of the superior court for King county, Morris, J., entered December 2, 1908, vacating a default judgment, on motion of the defendants. Affirmed.

*W. F. Hays, James B. Reavis,* and *T. L. Stiles,* for appellants.

*Peters & Powell,* for respondents.

[1]Reported in 102 Pac. 889.

Gose, J.—This action was commenced on December 13, 1906, by the filing of a complaint, by an attempted service of summons by publication, and an attachment of real estate. Later the respondents Peavey and the Sound Timber Company appeared and interposed demurrers, which being overruled, they served their answers on October 12, 1907, to which replies were filed December 19, following. The issues thus joined have not been tried. After the service of the answers and on November 14, 1907, the appellant Hays caused a second summons to be published, requiring the respondents other than Peavey and the Sound Timber Company to appear and answer within sixty days after the 15th day of November, 1907. The object of the action is stated in the summons as follows:

"The action is brought to recover a judgment of eighty-seven thousand five hundred dollars ($87,500), because of the breach of a contract existing between this plaintiff and the defendant G. B. Peavey; the breach of which being brought about and induced by each of defendants above named and their co-defendants; said rights under said contract arising out of the unpaid purchase price on certain timber lands described in plaintiff's complaint, and sold to said defendants by plaintiff."

The land was not described in the complaint. On June 13, 1908, and while the cause was pending between the appellant and the answering respondents, and without notice to them, findings of fact and conclusions of law were made and filed, and a default and judgment were entered against the other respondents. One conclusion of law was,

"That the lands described in the bill of particulars and referred to in plaintiff's complaint, standing in the name of the Sound Timber Company at the time of the commencement of this action, is the property of the last above named defendants, subject to the attachment and judgment lien herein as the property of said defendants, for the purpose of plaintiff enforcing collection of his said judgment."

The judgment was a personal one against all of the non-

answering respondents, for the sum of $68,700, and interest at six per cent per annum from January 18, 1904. No property was described in the judgment and there was no order for the sale of the attached property. About forty thousand acres of timber land were levied upon before the entry of the judgment, and after its rendition were sold upon three several executions. On November 2, 1908, the execution sales were confirmed. On November 19, following, the intervener purchased the certificates of sale.

On October 27, preceding the sale and confirmation, the several respondents moved to vacate the judgment on the several statutory grounds. The motions were heard upon the record and the affidavits and counter affidavits of the parties. The affidavits tended to show that a copy of the second summons was mailed to respondent Dodge at Rock Island, in the state of Illinois, and that at such time he had been a resident of the territory of Oklahoma for three years; that a copy of the summons was mailed to the respondent Bawden at Davenport, in the state of Iowa, and that he had not resided in such state since 1905, and that for a year preceding the mailing of the summons he had been a resident of Seattle; that the other respondents did not receive a second summons. The affidavits also disclose the fact that the title to the real estate that had been levied upon and sold had been vested in the Sound Timber Company since 1901.

On December 2d the motion was sustained, and an order was entered vacating the judgment and sales had thereunder. An appeal has been taken therefrom. There was no basis in the complaint for the conclusion of law which we have set forth. The answers of the respondents Peavey and the Sound Timber Company joined issue on all the material matters set forth in the complaint, and pleaded affirmatively, (1) that the subject-matter of the action had been adjudicated against the appellant in a court of competent jurisdiction; (2) that the matters and things alleged in the complaint had been settled between the parties before the commencement

of the action; (3) that the cause of action was barred by the statute.

The first summons was ineffectual to give the court jurisdiction, as it required the respondents to appear within sixty days from the date of service. *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640. The intervener, having purchased the sheriff's certificate of sale, was not a *bona fide* purchaser. *Singly v. Warren,* 18 Wash. 434, 51 Pac. 1066, 63 Am. St. 896; *Lee v. Wrixon,* 37 Wash. 47, 79 Pac. 489; *Benney v. Clein,* 15 Wash. 581, 46 Pac. 1037. A valid personal judgment cannot be entered upon a service by publication. *Pennoyer v. Neff,* 95 U. S. 714.

The code (Bal. Code, § 4878; P. C. § 336), provides that a summons by publication shall contain a brief statement of the object of the action. The object of the action in this case was to have the court ascertain and fix the amount of the indebtedness due the appellant, and to direct a sale of the attached property to satisfy the amount found due. This was not stated. In view of this omission, the summons, if not void, which we do not decide, was at least irregular and misleading.

The granting of a motion to vacate a judgment within the statutory time is within the discretion of the court, and its action will not be reversed unless there has been an abuse of discretion. *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748.

There was ample warrant in the record for the order vacating the judgment, and it will be affirmed.

Rudkin, C. J., Fullerton, and Chadwick, JJ., concur.

Morris, J., took no part.