[No. 9793.   Department One.   October 26, 1911.]

GEORGE O. SWASEY, *Respondent*, v. MARTIN MIKKELSEN, *Appellant*.[1]

JUDGMENT—DEFAULT—ENTRY—NECESSITY OF MOTION. The filing of a motion for default, within the rule of court that a default shall be deemed claimed whenever the motion is filed, is for the convenience of the court and may be waived, and is not essential to the validity of a default judgment entered upon affidavits claiming the same.

JUDGMENT—DEFAULT—VACATION—DISCRETION — EVIDENCE — SUFFICIENCY. It is not an abuse of discretion to refuse to open a default judgment upon the affidavit of the defendant that he was misled by the plaintiff by promise to settle out of court, where the evidence is

[1]Reported in 118 Pac. 308.

conflicting, and the plaintiff's counter affidavit indicating that no such promise was made is not contradicted, and other admitted circumstances corroborate the plaintiff.

JUDGMENT—DEFAULT—VACATION—GROUNDS. The sickness of defendant's wife is not a sufficient excuse for opening a default judgment, where it appears that it did not prevent defendant from attending to business or employing an attorney.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered April 3, 1911, denying the vacation of a default judgment, after a hearing before the court. Affirmed.

*James W. Anderson,* for appellant.

*George O. Swasey, pro se (A. R. Warren,* of counsel).

Gose, J.—This is an appeal from a judgment denying a motion to vacate a default. The record discloses the following situation: The respondent brought suit against the appellant on an assigned account, for merchandise which it is alleged was sold and delivered to appellant by respondent's assignor. The summons and complaint were personally served on the appellant on March 13, 1911. On April 3 following, the respondent filed his affidavit, stating that the service was complete, and that no answer or other pleading had been served or filed. On the same day an order of default and a judgment for the amount demanded were entered. On April 22, the appellant served upon the respondent a motion to vacate the judgment, an answer, which was in form a general denial of all the averments of the complaint, and his own and his counsel's affidavit. These papers, as well as the answering affidavit of respondent, were filed April 29, and on the same day, after argument, an order was entered denying the motion. No oral testimony was offered.

The appellant makes two principal contentions: (1) that the entry of the default without the previous filing of a written motion was error; and (2) that, upon the facts disclosed by

the affidavits, the court abused its discretion in denying the motion.

The first contention is based upon a rule of the superior court which provides that a party may respond to a pleading at any time before a default is claimed. The rule further provides that a default shall be deemed claimed whenever a motion therefor is filed, accompanied with the affidavit of the party or his attorney showing the facts constituting the default; but that a default will not be entered against a party who has appeared in the action until the motion has been served. The respondent filed his affidavit showing the default of the appellant, as we have stated, but did not file a motion claiming a default. It is obvious that the motion is for the benefit of the court only, and in aid of orderly precedure. The failure to file it in no way prejudiced the appellant. He had not appeared, and no service of the motion was necessary. The court could therefore waive the filing of the motion and enter a default upon the requisite facts being shown.

Succinctly stated, the appellant's affidavit avers: That, after the service of the summons and complaint, he called at the respondent's office and stated to him that he did not owe the claim; that the respondent answered that the case would be settled "satisfactorily" to the appellant "out of court;" that the appellant need not appear or answer, and that judgment would not be taken against him; that the appellant is unfamiliar with the English language, unable to speak or understand it "correctly," and is not familiar with the laws and rules of the court; that relying on the respondent's statements, he did not appear or answer in the cause; that since the entry of the judgment he has consulted counsel, has fully and fairly stated the facts to him, and that he is advised by his attorney, and he believes that he has a good defense to the action; and that the appellant's wife "is now and has been since about March 15, 1911, sick in childbirth, and defendant has been in constant attendance upon her, and unable to attend to said case or to his business by reason thereof." The

affidavit of his counsel is based entirely upon the statements of the appellant, and of course does not strengthen the case.

The substance of the respondent's affidavit is that, on February 9, he wrote the appellant, demanding the payment of the account; that about four days later the appellant called him by telephone, and stated that he had made a payment of $50 which had not been credited; that the respondent requested the appellant to bring his receipts or other evidence of payment, and stated to him that, if a mistake had been made, it would be corrected; that the respondent promised to, and did, write to his assignor, requesting a re-examination of the account for the purpose of ascertaining whether any credit had been omitted; that his assignor answered that it knew of no further credits; that shortly after receiving this letter, the respondent stated its contents to the appellant over the telephone, and again requested him to bring his receipts or other evidence of payment; that this request was made at least three times; that the appellant came to the respondent's office, but brought no evidence of payment; that thereafter the suit was commenced; that the appellant then came to his office and intimated "that he had a mind to fight the claim;" that the respondent answered that he had that privilege; and that the respondent "did not suggest to him [the appellant] in any way that we would not take judgment nor that he need not appear, excepting as above stated; nor was any postponement suggested or talked of at any time between us."

The appellant did not reply to this affidavit. It therefore stands admitted that he had at least three conversations with the respondent before the suit was commenced, wherein the respondent requested him to produce the evidence of any payments. True, he now asserts that he did not owe any part of the claim. His affidavit, however, does not state that he did not purchase the goods as the complaint alleges, but that the claim is "wrongful, unlawful, and neither owing nor due."

Upon this issue thus sharply defined, it cannot be said that the court abused its discretion in denying the motion.

The same may be said of the claim that the appellant is unable to speak or understand the English language "correctly." His motion does not rest upon the fact that he did not correctly understand the respondent, but that the respondent misled him by false statements.

There is no such showing of the sickness of the wife as to require a reversal on the ground of abuse of discretion. As pointed out, the justness and the amount of the claim were subjects of discussion for more than a month before the wife's illness began, and before the suit was commenced. If the appellant was able after the service of process to go to the office of respondent, as he alleges in his affidavit, his attendance at his wife's bedside was not so constant nor his duties there so exacting that he could not have found time to employ counsel. On his own showing his case, in its final analysis, must stand or fall on his claim that the respondent misled him. The trial court resolved all the facts against him, and we cannot say that there was such an abuse of discretion as to require a reversal. *Hays v. Peavey*, 54 Wash. 78, 102 Pac. 889; *Livesley v. O'Brien*, 6 Wash. 553, 34 Pac. 134.

Among the cases cited by the appellant, the one most nearly in point is *Hull v. Vining*, 17 Wash. 352, 49 Pac. 537. In that case, in reversing the judgment denying the motion to vacate the default, the court was influenced in a measure by the fact that the right to a personal judgment against the appellant was not based upon his original liability, but upon an alleged assumption of the mortgage indebtedness.

The judgment is affirmed.

Dunbar, C. J., Fullerton, Parker, and Mount, JJ., concur.