[No. 17704. Department Two. March 1, 1923.]

L. June Spalsbury et al., Appellants, v. H. L. Wycoff et al., Respondents.[1]

Judgment (106)—Vacation—Error of Law. The failure of a court to find that a sheriff's tax deed was a valid defense to an action, is an error of law that can be corrected only by appeal, and not by motion to vacate the judgment.

Appeal from an order of the superior court for Pierce county, Askren, J., entered September 6, 1922, denying the modification of a judgment, after a hearing before the court. Affirmed.

M. S. Lindsay and E. F. Adams, for appellant.

Browder Brown and J. W. A. Nichols, for respondents.

Pemberton, J.—This is an action by H. L. Wycoff et al., respondents, against appellants to determine the title to certain city lots in the city of Tacoma. The appellants pleaded color of title as a defense. Judgment was entered in favor of respondent against appellants. Thereafter appellants filed a petition requesting a modification of the judgment, claiming that the attorneys for the appellants, through inadvertence, negligence or ignorance of the law, made the defense of color of title, when the defense should have been that defendants were the owners of the property under a foreclosure of certain special assessments, cause number 2501 in the superior court of Pierce county. Upon the hearing of the petition for modification, the trial court entered the following order denying the petition:

[1]Reported in 213 Pac. 476.

"This matter having come regularly before the court upon the petition of Samuel T. Beardsley, one of the defendants herein, for an order vacating the judgment heretofore entered in this cause and permitting the defendant to offer further testimony to show that the sheriff's deed issued by the sheriff of Pierce county to Ella M. Buck in cause No. 2501 was a good and valid deed to said property, and was a valid defense to this action, and the court, having heard the argument of counsel and being advised in the premises, is satisfied that said deed issued by the sheriff of Pierce county was a valid defense to said action, inasmuch as the foreclosure of the local assessments alleged therein was made according to law and passed good title, but the court finds that a failure to urge that said foreclosure was legal and passed good title was purely a question of law and not of fact and therefore the court has not the power to vacate the judgment already entered and therefore denies the petition."

The only question involved in this appeal is whether or not a mistake at law can be corrected by motion in the superior court under our statute for the vacation of a decree or judgment, or is a party required to appeal in order to have such mistake or error at law reviewed.

It seems that the records and files in the tax foreclosure cause number 2501 were an exhibit in the case at the trial and the court should have, as a matter of law, decided the case in favor of the respondents. Since it was a mistake or error at law and not mistake of fact, the exclusive remedy of appellants, under the law of this state, is by appeal and not by motion after the period has expired within which a motion for new trial may be filed. It would not seem necessary to review the authorities in support of this rule. The case of *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734, and authorities cited therein, seems to have settled

this question and follows the rule in 1 Black, Judgments (2d ed.), § 329, as follows:

"The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion."

The legislatures in some of the states have changed this rule, permitting the vacation of a judgment for a mistake of law as well as a mistake of fact. Cal. Civ. Code, § 1576; *Douglass v. Todd*, 96 Cal. 655, 31 Pac. 623, 31 Am. St. 247. This, however, is not the law of this state.

The judgment of the trial court must be affirmed.

MAIN, C. J., FULLERTON, and TOLMAN, JJ., concur.