[No. 18322. Department One. May 9, 1924.]

J. A. Hurley, *Respondent*, v. W. A. Wilson *et al.*, *Defendants*, Alice Wilson, *Appellant*.[1]

Judgment (106)—Vacation—Errors of Law. A motion to vacate a judgment cannot be made to review or correct errors committed in entering the judgment.

Same (99)—Vacation—Discretion of Court—Review. A petition to vacate a default judgment on the ground that defendant was misled to suffer a default is addressed to the discretion of the trial judge, upon showing a meritorious defense, and a denial will not be disturbed except for abuse of discretion.

Appeal from an order of the superior court for Lincoln county, Huneke, J., entered April 24, 1923, denying the vacation of a judgment, after a hearing before the court. Affirmed.

*Merritt, Lantry & Baske* and *Merritt & Curtis*, for appellant.

*Freece & Pettijohn*, for respondent.

Tolman, J.—This action was originally brought by respondent, as plaintiff, to foreclose a deed, absolute in form, as a mortgage. Personal service was had upon each of the defendants. No appearance was made by either of them, and in due course they were adjudged

[1]Reported in 225 Pac. 441.

in default. Evidence was heard on behalf of plaintiff, findings of fact and conclusions of law were made, and on January 23, 1922, a decree was entered granting the relief prayed for. After notice duly given, the mortgaged property was sold by the sheriff as ordered by the decree, on February 25, 1922, the plaintiff becoming the purchaser for the full amount of the judgment, interest and costs. On May 24, 1922, practically three months after the sale, and more than four months after the entry of the decree, appellant interposed her petition for the vacation of the decree. A hearing on the petition was had, resulting in an order denying the relief sought, from which order this appeal is prosecuted.

Appellant presents and argues at length many points. Her brief is a monument to the resourcefulness and industry of her counsel, yet, while we have carefully examined into, weighed and considered each of her contentions and find them not well taken, to set them out and discuss them intelligently would take much space and serve no good purpose, since anything so said would not be necessary to a decision of this case.

Appellant's arguments are directed chiefly to errors of law which are thought to have been committed in entering the original judgment now sought to be vacated. We have too often held that such a proceeding as this cannot be used as a means for the court to review and revise its own final judgment to again enter upon a discussion of the subject. See *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734, and the authorities there collated and commented upon. We therefore confine ourselves to what we consider the only real question involved.

In her petition appellant alleged facts which she

claims misled her and caused her to believe that, pending certain negotiations then under way, no default would be taken against her and she would be given an opportunity to appear and defend if the negotiations failed; and also alleged facts thought to show that she had a meritorious defense to the action. Both these contentions were resolved against her by the trial court.

A petition to vacate a judgment is addressed to the discretion of the trial court, and substantial grounds therefor, including a showing of a meritorious defense, must be made clearly to appear. That rule does not apply in this court. Before we can interfere it must appear that the trial court has refused to exercise a sound judicial discretion in the matter, or, in other words, has abused his discretion. *Myers v. Landrum,* 4 Wash. 762, 31 Pac. 33; *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *McDougall v. Walling,* 21 Wash. 478, 58 Pac. 669, 75 Am. St. 849. Such seems to be the general rule in other jurisdictions. 23 Cyc. 895.

A careful consideration of all of the evidence offered convinces us that there was no abuse of discretion on the part of the trial court, and in fact were the rule a more liberal one, we should still be of the opinion that the trial court's findings in this respect are supported by a preponderance of the evidence.

The order appealed from is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.