[No. 21099.    Department One.    June 13, 1928.]

RUDOLPH MORSBACH et al., Appellants, v. THURSTON COUNTY, Respondent.[1]

[1] JUDGMENT (109)—VACATING—IRREGULARITIES IN ENTERING.    A judgment is properly vacated on petition under Rem. Comp. Stat., §§ 464, 465, for irregularity in obtaining it, where it erroneously recites that the proof required by law was taken, and the court did not so intend, but supposed he was adjudicating the title only and not awarding damages.

[2] SAME (106)—VACATING—ERROR OF LAW.    In such a case, the fact that an error of law was committed does not prevent the court from vacating the judgment to correct the irregularity or mistake in entering judgment for damages without proof.

Appeal from an order of the superior court for Thurston county, Wright, J., entered December 19, 1927, vacating a judgment entered against the defendant enjoining an alleged trespass upon plaintiffs' land. Affirmed.

P. C. Kibbe, for appellants.

W. J. Milroy and Leonard E. Top, for respondent.

TOLMAN, J.—The complaint in this action, in substance alleges that in the year 1872 the then owner of certain lands in Thurston county, by deed, conveyed to the Northern Pacific Railroad Company a right of way for the construction of its railroad over and across the

[1]Reported in 268 Pac. 135.

lands in question; that plaintiffs are the successors in interest of the grantors in that deed; that the Northern Pacific Railroad Company has abandoned its right of way and the plaintiffs have resumed possession thereof, and that thereafter the defendant county entered upon the abandoned right of way and began grading a roadway thereon. The prayer is that the defendant be restrained from trespassing upon the plaintiffs' land and that the plaintiffs recover $500 as damages already done to the land by the defendant and $1,000 as damages for the deprival of access to, and use of, the parts of land cut off by the defendant's acts.

A demurrer was interposed to this complaint, written briefs were filed by both parties, and both parties appear to have indicated to the trial court that its ruling on the demurrer would be decisive of the case. The demurrer was overruled. The county gave notice of appeal to this court, and then, probably discovering that no final judgment had been entered from which an appeal would lie, filed a written election to stand on its demurrer, and gave oral notice to plaintiffs to present their final judgment. Thereafter, without formal notice to opposing counsel, and in his absence, on September 6, 1927, plaintiffs presented to and had entered by the trial court a judgment, which, so far as material here, recites:

"This cause comes on regularly for trial, on the 6th day of September, 1927, P. C. Kibbe, Esq., appearing as counsel for plaintiff, and Leonard E. Top, Esq., for the defendant; a trial by a jury having been waived by the respective parties, the cause was tried before the court, sitting without a jury, whereupon witnesses on the part of plaintiff and defendant were duly sworn and examined, and defendant having demurred and his demurrer overruled and he having elected to not plead further, the evidence being closed, the cause was

submitted to the court for consideration and decision, and, after due deliberation thereon, the court orders that judgment be entered herein for the plaintiff as prayed. Wherefore, by reason of the law and evidence aforesaid, it is ordered, adjudged and decreed that plaintiff do have and recover of and from the defendant the sum of fifteen hundred dollars as prayed, and defendants are restrained from further trespassing on said land,'' etc.

It is admitted that, on the day following the entry of the judgment, a copy thereof was received by counsel for the defendant by mail from counsel for plaintiffs. The record discloses nothing further until December 6, 1927, when, by written motion, the defendant sought the vacation of the judgment upon the following grounds:

''I.   By irregularities in obtaining the judgment in the above entitled cause by the adverse parties.

''II.   For fraud practiced by the successful parties in obtaining said judgment.

''III.   Misconduct of prevailing party.

''IV.   Error in the assessment of the amount of recovery.

''V.   Insufficiency of the evidence to justify the judgment.

''VI.   That the judgment is against law.

''VII.   Newly discovered evidence, material for the party making application, which could not have with reasonable diligence been discovered and produced at the trial.''

This motion was supported by affidavit setting forth, in addition to certain facts which we have already stated:

''That the signature of the judge of the court in the above judgment was procured by fraud, misrepresentation and irregularities of the plaintiff; that there never were any witnesses sworn in said cause; that judgment in the sum of $1,500 for damages against said defendant was entered herein without notice to

said defendant until after the same had been filed; that the defendant, Thurston county, has, by thorough investigation, learned that it has a meritable defense to said cause of action; that an answer is herewith filed, setting forth said meritable defense to said action; that at the time of signing said judgment the court was not informed of the contents of said judgment; that a fraud was practiced by the attorney for the plaintiff in obtaining the signature of the court to said judgment.''

An exhaustive controverting affidavit was filed which does not assert that witnesses were sworn and heard upon the question of damages, and upon the evidence so presented the trial court found there were irregularities in obtaining the judgment, which justified its vacation, and entered a written order vacating and setting aside the judgment in its entirety. From this order the plaintiffs have appealed.

[1] The motion to vacate seems to be framed with the idea of claiming the benefit of both § 465 and § 466 of Rem. Comp. Stat., [P. C. §§ 8131, 8132]. But since, by its terms, the aid of § 465 can only be invoked by petition and since there is no showing of reasonable diligence in the discovery of the defense now set up, clearly § 465 is inapplicable. We shall treat the issue, therefore, as one to be determined under § 466, which, preceded by that part of § 464 [P. C. § 8130], to be read in conjunction, is:

"§ 464. The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term [time] at which such judgment or order was made, to vacate or modify such judgment or order:

.   .   .   .   .   .   .   .   .   .   .   .

"3. For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order;

"§ 466. The proceedings to vacate or modify a judgment or order for mistakes or omissions of the clerk,

or irregularity in obtaining the judgment or order, shall be by motion served on the adverse party, or on his attorney in the action, and within one year.''

It seems clear from the record that the trial court found, and was justified in finding, that no witnesses were sworn and no evidence was offered on the question of damages; that his attention was not called to and he did not know that the judgment awarded damages, and that in fact he supposed that in signing the judgment he was adjudicating the question of title to the disputed strip only. The trial court was careful to cast no aspersions upon counsel because of this situation, and we can easily see that the conditions might have arisen without any wrongful intent on the part of anyone. But, nevertheless, the court having entered a judgment which he had not intended to enter and without proof, where the law requires proof, he was justified under the statute quoted in setting it aside.

''Motions of this character are directed to the discretion of the trial court, and its action in passing thereon will not be reversed by this court unless the record shows an abuse of discretion.'' *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748.

[2] But it is contended that, in entering the judgment, at most, the trial court committed but an error of law, which could be corrected on appeal to this court, and *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476; *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734; *Spalsbury v. Wycoff,* 123 Wash. 691, 213 Pac. 476, and *Hurley v. Wilson,* 129 Wash. 567, 225 Pac. 441, are relied upon to support this contention. The answer is that, whether error of law was here included or not, the court did something which it did not intend to do, and actually entered a judgment awarding damages in the sum of $1,500 without any evidence to support

that award, when it intended only to adjudicate the
title to the land in dispute as a question of law. Con-
ceding the lack of improper motive on the part of coun-
sel when he passed to the court for signature a judg-
ment adjudicating questions of fact, knowing or
charged with knowledge that the court was deciding
only a question of law, and without calling attention
to what the judgment contained, an irregularity oc-
curred for which the statute quoted was intended to
afford relief.

The irregularity here is of the same general nature
as the mistake, irregularity or fraud discussed and
held sufficient in *O'Bryan v. American Inv. & Imp. Co.*,
50 Wash. 371, 97 Pac. 241; *National Bank of Com-
merce v. Kilsheimer & Co.*, 59 Wash. 460, 110 Pac. 15;
*Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 Pac.
1158, and there being a sufficient showing of a meritor-
ious defense by the proposed answer filed with the
motion, the trial court did not err in making the order
appealed from.

It is but fair to say, however, that in part at least
appellants' contentions are based upon the thought
that, by setting aside the whole judgment, the trial
court is seeking to review its own judgment as to the
title, which had become final, through lapse of the time
for appeal before the motion to vacate was filed. This
was a final judgment in the case and embraced two
subjects, i. e., title and recovery of damages. The two
subjects were so entwined in the judgment that the
court may very well have felt that to vacate it as to
the recovery of damages only would leave it subject to
misconstruction. The trial court may have no intention
of reviewing the question of title, but may intend to
reincorporate the same result in a final judgment to
be entered when the question of damages is tried out.
In any event, this being a court of review only, we

should not and do not now, in advance of any ruling thereon by the trial court, pass any opinion as to the effect of the order of vacation on the question of title. Whether that question is now open to be litigated will be left primarily for the trial court to decide, and we will pass upon it if, and when, it is properly presented here.

The order appealed from is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.