J. B. ROBERTSON, *Respondent*, v. THOMAS C. WISE *et al.*, *Appellants.*[1]

*H. W. Lueders,* for appellants.
*William R. Lee,* for respondent.

MAIN, J.—This is an appeal from an order of the trial court overruling a motion to vacate a judgment. June 28, 1928, judgment was taken against the appellants, Thomas C. Wise and wife, upon a promissory note, signed by the husband alone, which evidenced a community obligation. The judgment was against the appellants as a community, and against each, individually. August 22, 1928, the appellants moved that the judgment be vacated, supporting the motion by affidavits. Counter affidavits were filed by the respondent. Subsequent to the commencement of the action, and after each of the appellants had been regularly served with a copy of the summons and complaint, negotiations took place between the parties with reference to

[1]Reported in 279 Pac. 106.

delaying the matter, from time to time, until appellants could raise money to make a payment upon the note. No payment was made, and the respondent, through his attorney, notified Mr. Wise and the then attorney for the appellants that, unless a payment was made in a certain amount on or about June 20, 1928, judgment would be taken upon the note. No payment was made, and judgment was taken, as above stated.

A motion to vacate a judgment is addressed to the discretion of the trial court, and substantial grounds thereof, including a showing of a meritorious defense, must be made to clearly appear. This court will not reverse an order declining to vacate a judgment, in the absence of a showing that the trial court abused its discretion. *Hurley v. Wilson,* 129 Wash. 567, 225 Pac. 441. After reading the affidavits that were filed in support of the motion, and the counter affidavits, we are of the opinion that the trial court did not abuse its discretion in overruling the motion to vacate the judgment, and rightly held that the showing was not sufficient.

After the motion to vacate was made, the respondent filed a release and discharge of the separate judgment against the wife, Alma C. Wise. The appellants say that this release was not sufficient to exonerate Mrs. Wise from liability on the judgment. With this contention, we cannot agree. We see no reason why a judgment creditor may not release a judgment as to one or all of the judgment debtors if he sees fit to do so.

The judgment will be affirmed.

MILLARD, TOLMAN, PARKER, and FRENCH, JJ., concur.