[No. 24490.   Department Two.   August 15, 1933.]

HERMAN PERSON *et al., Respondents,* v. W. D. PLOUGH
*et al., Appellants,* PLOUGH HARDWARE
COMPANY, *Defendant.*[1]

*Joseph F. Morton* (*Gleeson & Gleeson,* of counsel),
for appellants.

*E. Ben Johnson,* for respondents.

BLAKE, J.—This is an appeal from a decree dismissing a petition to vacate a judgment.

January 23, 1922, defendant Plough Hardware Company executed to plaintiffs its promissory note, secured by a mortgage on real estate. The note was in the principal sum of three thousand dollars, and due three years from date. In 1926, Plough Hardware Company conveyed the mortgaged property to the defendant W. D. Plough.

[1]Reported in 24 P. (2d) 591.

On February 27, 1928, the note not having been paid, the defendants W. D. Plough and Bessie Plough entered into an extension agreement with plaintiffs. By the terms of this agreement, the plaintiffs agreed to extend the mortgage indebtedness for nine years from its due date; and the defendants Plough agreed to assume the amount of the indebtedness then due and also pay all advances theretofore or thereafter made by the mortgagees for the protection of the security. The extension agreement further provided that all proceeds from the property, which was in orchard, should be paid over to the mortgagees to be applied on the mortgage debt. It appears from the record that, for all practical purposes, the property was then turned over to the mortgagees to operate.

In January, 1931, the plaintiffs commenced this action to recover on the note and foreclose the mortgage—praying for personal judgment against the defendants Plough by virtue of the extension agreement. After summons was served on all of the defendants, but before time for appearance had expired, the attorney for plaintiffs executed and delivered to defendants Plough a writing, dated February 7, 1931, in the following words:

"W. D. Plough and Bessie J. Plough. It is hereby stipulated that you are granted an extension of time until the 26th day of February, 1931, in which to appear and answer in the case brought against yourselves et al in the Superior Court of Lincoln County, Washington. E. Ben Johnson, attorney for Herman Person and Nina Person, Plaintiffs."

Again, on February 24th, he executed a writing in identical words, except that the date to which time for appearance was extended was March 10, 1931.

On March 16, 1931, Plough and Person met in the office of Mr. Johnson. Besides the three just men-

tioned, there were present Mr. Lewis, a law clerk in the office of defendants' attorney, Mr. Morton, and J. H. Sahlin, a loan broker, who had arranged the loan originally. The parties all agree that the principal question there discussed centered around the amount of a personal judgment against the defendants Plough. Plough offered to pay $250 cash, on the theory that it would cost him that much to defend the case. This not being satisfactory to plaintiffs, Plough offered to deed certain property in Douglas county to plaintiffs in liquidation of his personal liability. Plough said, in substance, that, if plaintiff was not satisfied with his offer of settlement and insisted on taking a deficiency judgment, he would go through bankruptcy. Nothing was said about the correctness of the amount claimed to be due, as set out in plaintiffs' complaint. The meeting broke up with a rather indefinite understanding that Sahlin would make an examination of the Douglas county property for the purpose of reporting to Person on its value.

Except for one interchange of letters between Sahlin and Person in May, 1931, nothing further was done until September 30, 1932. On that day, without notice to defendants, plaintiff took a default judgment of foreclosure, which contained the usual deficiency clause. The defendants Plough filed a petition to vacate the judgment. After a hearing, the court entered a decree dismissing the petition. From this decree, defendants Plough appeal.

We find it unnecessary to pass upon the question as to whether the negotiations toward settlement had in the spring of 1931 entitled appellants to further notice before the entry of the default judgment on September 30, 1932, for the reason that one seeking the vacation of a judgment must allege and prove facts

which *prima facie* constitute a defense to the action. Rem. Rev. Stat., §§ 467, 469; *Hoefer v. Sawtelle,* 43 Wash. 23, 85 Pac. 853; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158; *Robertson v. Wise,* 152 Wash. 624, 279 Pac. 106; *Hurby v. Kwapil,* 156 Wash. 225, 286 Pac. 664. This the appellants failed to do. True, they alleged and asserted that they had a meritorious defense, but these were mere conclusions.

They contend, first, that the extension agreement executed by them in 1928 was without consideration. This contention is untenable. They owned the property. The extension of time of payment by respondents and the foregoing of their then right to foreclose was sufficient consideration for the assumption of the debt by appellants.

Appellants next contend that, since the respondents operated the property, they must account for the proceeds from it. The respondents, in their complaint, did account for the proceeds, and no fact is alleged or proven by appellants tending to challenge the accuracy of the account therein tendered.

The appellants allege and assert respondents committed waste on the property, but no facts are alleged or proven to support the charge.

Lastly, appellants contend that the judgment of September 30, 1932, is void, and, therefore, it is unnecessary to allege and prove a meritorious defense. This contention is also untenable. Since summons was regularly served in an action brought in the county where the mortgaged property was located, the court had jurisdiction of the parties and subject matter. Even though the default judgment had been entered without notice after appearance by appellants, it would not have been void, but merely voidable. *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158.

The decree dismissing the petition to vacate the judgment is affirmed.

BEALS, C. J., TOLMAN, MAIN, and STEINERT, JJ., concur.