[No. 30897. Department One. July 21, 1949.]

H. D. LASELL, *Respondent*, v. E. M. BECK *et al.,*
*Appellants.*[1]

*Fred M. Bond,* for appellants.

*W. J. Murphy,* for respondent.

MALLERY, J.—The plaintiff was awarded a three-hundred-ninety-dollar default judgment against defendants by the superior court for Pacific county September 30, 1947. Defendants moved to vacate the judgment on the ground that they had not been served with summons and complaint. October 31, 1947, after a hearing on the motion, the court found that defendants had been served on September 8, 1947, but he expressed the opinion that the default judgment should be vacated and that the defendants should be permitted to go to trial on the merits. He further stated, "Now if you prepare an order satisfactory to both parties the court will set as early a date as possible."

[1]Reported in 208 P. (2d) 139.

Trial was set for December 2, 1947. Defendants' counsel demanded a jury, paid the jury fee to the clerk, and spoke and acted as if he expected to go to trial. Plaintiff's counsel also conducted himself as if the court's expression of opinion would be effectuated by entering an order vacating the default judgment and consented to a trial date.

When the case came on for trial December 2nd, it was discovered that no formal order vacating the default judgment had been entered. Plaintiff's counsel secured permission to reargue the motion to vacate the judgment and the case was continued. The matter was called up from time to time, and, after a hearing July 23, 1948, the court took the case under advisement until November 12, 1948, when he entered an order denying the motion to vacate the default judgment.

Defendants appeal from this order.

■ One seeking the vacation of a judgment must allege and prove facts which constitute a *prima facie* defense to the action. Rem. Rev. Stat., §§ 467, 469 [P.P.C. §§ 71-7, -15]; Rules of Practice 13, 18 Wn. (2d) 41-a, Rem. Supp. 1945, § 308-13 [P.P.C. § 93-25]; *Person v. Plough,* 174 Wash. 160, 162, 24 P. (2d) 591. The appellants made such a showing. However a denial of a motion to vacate a judgment will not be disturbed in the absence of abuse of discretion. *Robertson v. Wise,* 152 Wash. 624, 279 Pac. 106.

■ An oral decision given from the bench is not a final order and is not binding on the court or counsel. The court always has the right to change its mind until the formal order is signed and entered. See *Fogelquist v. Meyer,* 142 Wash. 478, 253 Pac. 794, where the precedents are collected; *Shaw v. Morrison,* 145 Wash. 420, 429, 260 Pac. 666; *North River Transp. Co. v. Denney,* 149 Wash. 489, 492, 271 Pac. 589; *Adams v. Ernst,* 1 Wn. (2d) 254, 266, 95 P. (2d) 799. See, also, *Strickland v. Rainier Golf & Country Club,* 156 Wash. 640, 287 Pac. 900, where many similar cases are reviewed, and *State v. Goard,* 32 Wn. (2d) 705, 203 P. (2d) 355.

■ Appellants do not dispute these rules of law, nor do they contend that the court abused its discretion on the mo-

tion to vacate. They do contend that the colloquies between counsel and the court with respect to the setting of a trial date amounted to a stipulation in open court that the default judgment should be set aside, and that it was error for the court not to give effect to it.

Respondent, in the colloquies referred to, showed that he took for granted that the court's stated intention would be consummated by the entry of a formal order vacating the judgment. No written stipulation was entered into, nor did respondent ever specifically waive his objection to the proposed order. His agreement to a trial date did not include his consent, either express or by necessary implication, to an order vacating the judgment. It did not amount to such an agreement in open court as would meet the requirements of Rule 10 of the General Rules of the Superior Courts, 18 Wn. (2d) 56-a.

The judgment is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.