[No. 35246. Department One. February 25, 1960.]

VICTOR L. MERRELL, *Respondent,* v. HAMILTON PRODUCE COMPANY OF MOSES LAKE, *Defendant,* THE TRAVELERS INDEMNITY COMPANY, *Appellant.*[1]

*Whitmore & Whitmore,* for appellant.

*Calbom & Strong (James B. Strong,* of counsel), for respondent.

[1] Reported in 349 P. (2d) 597.

MALLERY, J.—The factual background of this action involves what might be called the Hamilton enterprises, which consists of five corporations, two partnerships, and several individual owners. They were all in financial difficulties and were being pressed by numerous creditors. Forty separate suits were pending, and the Hamilton enterprises are now going through bankruptcy proceedings.

Victor L. Merrell brought this action for $6,150.68 against the Hamilton Produce Company of Moses Lake and The Travelers Indemnity Company, and took a default judgment against Travelers for that amount.

The Travelers Indemnity Company was surety for Hamilton Produce Company of Moses Lake, one of the corporations in the Hamilton group, upon a statutory commission merchant's bond in the amount of ten thousand dollars, which was furnished pursuant to the provisions of RCW 20.12. The creditors of the Hamilton Produce Company of Moses Lake were pressing claims aggregating approximately five times the amount of the bond. Merrell's default judgment in his separate action greatly exceeded his pro rata share of the amount of the bond.

The Travelers Indemnity Company almost immediately after the default judgment was entered commenced an action in the Federal district court under the provisions of 28 U. S. C. 5022, § 1335 (the Federal interpleader statute), for the purpose of prorating the amount of the bond among the twenty creditors, who were entitled to benefits thereunder.

Accordingly, The Travelers Indemnity Company moved to vacate the default judgment so as to be able to effectively bring Merrell under the provisions of the Federal interpleader statute. It has appealed from the court's denial of its motion.

Appellant's claim for relief is based upon RCW 4.32.240, which provides, *inter alia:*

" . . . The court . . . upon affidavit showing good cause therefor . . . may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order or other

proceeding taken against him through his mistake, inadvertence, surprise or *excusable neglect*." (Italics ours.)

The excuse advanced for the appellant's neglect in permitting the order of default is that there was insufficient time prior to its entry to unravel the exceedingly complicated financial affairs of the Hamilton enterprises and to ascertain appellant's right to proceed under the Federal interpleader statute.

In determining what constitutes a sufficient excuse for neglect within the purview of the statute, courts look first to the showing made as to the existence of a meritorious defense. The more conclusive this showing is, the more readily will the court vacate the default judgment. *Yeck v. Department of Labor & Industries,* 27 Wn. (2d) 92, 176 P. (2d) 359.

The defense which appellant seeks to interpose in this case is based on, Laws of 1955, chapter 262, § 1 (2), p. 1068 (RCW 20.12.020, *cf.* RCW 20.01.930), which requires that claims be prorated when they exceed the face value of a bond such as the one here in question. Such a conclusive defense requires little excuse on a prompt motion to vacate an order of default.

The order denying a vacation of the default judgment is reversed.

WEAVER, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.