[No. 38701.    Department Two.    July 20, 1967.]

BORG-WARNER ACCEPTANCE CORPORATION, *Appellant*, v. EARL McKINSEY *et al., Defendants*, EVERGREEN RAMBLER, INC., *Respondent.**

*Williams & Turner*, by *Harvey S. Poll*, for appellant.

*William B. Christie* (of *Delbridge, Christie & Thompson*), for respondent.

DONWORTH, J.—This action was commenced by appellant as assignee of a conditional sale contract between defendants,[1] as purchasers, and Murphy's Furniture in Kenmore,

*Reported in 430 P.2d 584.

[1]The defendants in the original action, Mr. and Mrs. Earl McKinsey, will be referred to hereinafter as defendants.

Washington, as sellers. Appellant sought recovery from defendants in the sum of $1,298.95, which it alleged was due and owing on the contract because of their default in payments thereunder, plus costs and attorney's fees. Defendants, having departed from the state of Washington, were duly served by publication pursuant to RCW 4.28.100.

Upon affidavit filed on behalf of appellant that it believed that respondent was indebted to defendants as employer of defendant husband, a writ of garnishment issued and was served upon respondent on June 21, 1964.

Defendants not having appeared in response to the summons and complaint and respondent having failed to answer the writ of garnishment within the statutory period, an order of default was entered against each of them on October 27, 1964.

June 22, 1965, findings of fact and conclusions of law and final judgment were entered by the Superior Court for King County in favor of appellant against both defendants and respondent in the sum of $1,493.79, plus costs.

Then, on August 3, 1965, respondent moved the superior court for an order vacating the judgment against it. The case was submitted on an agreed statement of facts, and a hearing was had on August 13, 1965. An order vacating the judgment as to respondent was signed on August 20, 1965. This appeal followed.

The sole question presented by this appeal is whether the court abused its discretion in vacating the default judgment entered against respondent on August 20, 1965.

In its motion to vacate, respondent alleged (and the allegations are not disputed by appellant) that defendant husband had previously been in their employ, but that the relationship had terminated about April 1, 1964; that all accounts between defendants and respondent had been settled on that date; and that thereafter respondent had no property or funds of any kind belonging to defendants.

Respondent, therefore, presented a complete and absolute defense on the merits of the garnishment proceeding, to

wit, that at the time of the service of the writ it owed defendants nothing.

To excuse its failure to answer the writ of garnishment, respondent asserted that, a short time previous to receiving the writ in the present action, it had been served with another writ against the same defendants, which was substantially similar in form and appearance. An answer had been filed to the earlier writ, setting forth the same defense presented in this action. It is respondent's contention that it was the confusion resulting from the similarity between the two writs that occasioned its failure to answer the writ in the case at bar.

RCW 4.32.240 provides, in part:

> The court may, in furtherance of justice, and on such terms as may be proper[2] . . . relieve a party . . . from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

■ It is well settled in this state that a motion to vacate a judgment or order under this provision is directed to the discretion of the trial court, and its action in passing thereon will not be reversed by this court in the absence of a manifest abuse of its discretion. *Roth v. Nash,* 19 Wn.2d 731, 144 P.2d 271 (1944).

■ In the absence of willful disobedience on the part of respondent, we deem the applicable rule to be that stated by this court in *Merrell v. Hamilton Produce Co.,* 55 Wn.2d 684, 686, 349 P.2d 597 (1960), *i.e.:*

> In determining what constitutes a sufficient excuse for neglect within the purview of the statute, courts look first to the showing made as to the existence of a meritorious defense. The more conclusive this showing is, the more readily will the court vacate the default judgment. *Yeck v. Department of Labor & Industries,* 27 Wn. (2d) 92, 176 P. (2d) 359.

We also noted in that case that:

> [A] conclusive defense requires little excuse on a prompt motion to vacate an order of default. (p. 686)

---

[2]The court in this case assessed respondent $75 attorney's fees, which have been paid.

In the present case, respondent presented a complete and conclusive defense to the garnishment proceeding, and there is no evidence of a willful disobedience of the writ.[3] We, accordingly find no abuse of discretion on the part of the trial court in granting respondent's motion to vacate the judgment against it.

The judgment is, therefore, affirmed.[4]

FINLEY, C. J., HUNTER, J., and ARMSTRONG, J. Pro Tem., concur.

---

[3]The case most heavily relied upon by appellant, *Bishop v. Illman*, 14 Wn.2d 13, 17, 126 P.2d 582 (1942), is distinguished on this ground. In that case, we noted that: ". . . it appears to us that the evidence conclusively establishes a willful disregard of the writ on the part of the garnishee defendant."

[4]In view of the disposition of this case on appeal, we find no necessity for considering respondent's contention that the writ does not spell out any consequences whatever for failure to answer. The writ was in compliance with what was then the statutory form. Its adequacy has never been challenged on the ground asserted by respondent, and hence, there is no direct authority either for or against the proposition that the omission alluded to by respondent constitutes a denial of due process.

Although the question is not reached on this appeal, we note that the legislature, in Laws of 1967, chapters 142 and 143, set forth revised forms for writs of garnishment, which revised forms provide, in bold type, the admonishment: "WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT, YOUR FAILURE TO ANSWER AS REQUIRED MAY MAKE YOU LIABLE FOR DEFENDANT'S CLAIMED DEBT TO PLAINTIFF."