[No. 39183. Department One. May 9, 1968.]

JOHN H. BECKETT, *Respondent*, v. JACK L. COSBY *et al.*, *Appellants.**

*Reported in 440 P.2d 831.

*Delbridge, Christie & Thompson,* by *William B. Christie,* for appellants.

*Flanders, Flanders & Trolson,* by *Roy Trolson,* for respondent.

BRADFORD, J.†—The sole question presented on this appeal is whether this court can say that the trial court manifestly abused its discretion in denying a motion to vacate a default judgment against the corporate and individual defendants.[1]

The issue arises out of the following factual pattern. The individual defendants, Mr. and Mrs. Jack Cosby, were properly served with summons and complaint on February 9, 1966. Proper service was also made upon the corporate defendant, Cosby & Beckett Insurance Agency, Inc., on February 19, 1966. The plaintiff, John J. Beckett, alleged in the complaint that he had invested $5,000 in cash and a $3,000 note in the corporate enterprise with the oral understanding that he could, if dissatisfied with the business during the first year, demand repayment of the cash and cancellation of the note. In December of 1964, 6 months after the agreement was concluded, plaintiff demanded the

---

†Judge Bradford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1] *Borg-Warner Acceptance Corp. v. McKinsey,* 71 Wn.2d 650, 430 P.2d 584 (1967); *Roth v. Nash,* 19 Wn.2d 731, 144 P.2d 271 (1943); *Hurley v. Wilson,* 129 Wash. 567, 225 Pac. 441 (1924); *Yeck v. Department of Labor & Indus.,* 27 Wn.2d 92, 176 P.2d 359 (1947); *Rule v. Somervill,* 150 Wash. 605, 274 Pac. 177 (1929).

return of his cash and the cancellation of the note. Litigation was resorted to on the failure of defendants to comply with the terms of the agreement. Neither appearance nor answer was made by any of the defendants, and default judgment was entered against the individual defendants on March 3, 1966. On May 6, 1966, a supplemental default judgment was entered against the corporate defendant. On June 21, 1966, plaintiff was served with an order to show cause why the default judgment should not be vacated. After consideration of the affidavits and the arguments of the parties, the trial court denied the motion on July 18, 1966. This appeal followed.

Defendants based their motion, and base this appeal, from the denial of the motion, on RCW 4.32.240 and RCW 4.72.010 and the interpretations of these provisions in the decisions of this court. More specifically, defendants rely upon the power of the court under RCW 4.32.240 to "[R]elieve a party, or his legal representatives, from a judgment . . . taken against him through his mistake, inadvertence, surprise or excuseable neglect."

It is initially argued that defendants have set forth a meritorious defense in their affidavit stating that no promise to return the money or cancel the note was ever made. Secondly, defendants assert that the complaint, on its face, presents an absolute defense, since RCW 19.36.010(1), the statute of frauds, makes promises, not in writing and not to be performed in one year, void.

■■ We agree with defendants that the court's first concern in ruling on such a motion for vacation of a default judgment, which is based on excusable neglect, is whether a showing has been made as to the existence of a meritorious defense. One seeking the vacation of a default judgment must allege and prove facts which constitute a prima facie defense to the action. *Lasell v. Beck,* 34 Wn.2d 211, 208 P.2d 139 (1949); *Person v. Plough,* 174 Wash. 160, 24 P.2d 591 (1933); *Osborne v. Osborne,* 60 Wn.2d 163, 372 P.2d 538 (1962); *Robertson v. Wise,* 152 Wash. 624, 279 Pac. 106 (1929). The prime concern of the courts is to do justice,

and where an injustice would result from a technical failure and the moving party is able to demonstrate a meritorious defense, the court is justified in vacating the default judgment. However, the rules may not be willfully disregarded with impunity. *White v. Holm, ante* p. 348, 438 P.2d 581 (1968); *Jacobsen v. Defiance Lumber Co.,* 142 Wash. 642, 253 Pac. 1088 (1927); *Bishop v. Illman,* 14 Wn.2d 13, 126 P.2d 582 (1942). The more conclusively such defense can be shown, the more readily the court will vacate the default judgment. *Merrell v. Hamilton Produce Co.,* 55 Wn.2d 684, 349 P.2d 597 (1960); *Borg-Warner Acceptance Corp. v. McKinsey,* 71 Wn.2d 650, 430 P.2d 584 (1967); *Yeck v. Department of Labor & Indus.,* 27 Wn.2d 92, 176 P.2d 359 (1947).

■ We do not agree, however, that the record which is presented to us for review, or the file which was properly before the trial court for consideration, established such a meritorious defense that only a willful disregard of the complaint could warrant the default judgment. The denial in defendants' affidavit of the existence of the agreement sued upon raises, at most, a prima facie defense. The statute of frauds argument is without merit, since a contract does not fall within the provisions of RCW 19.36.010(1) unless it must of necessity require more than 1 year to perform. *Gronvold v. Whaley,* 39 Wn.2d 710, 237 P.2d 1026 (1951); *Winslow v. Mell,* 48 Wn.2d 581, 295 P.2d 319 (1956).

Thus, we proceed to examine the reasons put forth in defendants' affidavit for their "excusable neglect." The motion to vacate the default judgment recites that the

> [E]xcuseable [*sic*] negligence, mistake, inadvertence and surprise upon which this motion to vacate is made is based mostly upon the acts, conduct and statements of plaintiff and his counsel, upon which the defendants relied and which lulled them into inattentiveness to the requirements of the statute.

The affidavit avers that many telephone calls were made by Mrs. Cosby to the plaintiff's attorney between January 20 and March 20, 1966, that appointments were arranged but

cancelled by the attorney, that the telephone talks led defendants to believe no further legal proceedings would be taken until a meeting to discuss the matter could be arranged.

A counter-affidavit by the secretary of plaintiff's attorney was before the trial court which stated that the only call she received was on or about April 1, 1966, that an appointment for Mrs. Cosby was arranged which was later cancelled by her employer, that Mrs. Cosby said she did not desire to arrange an alternate date, and that defendants' attorney would be in touch with plaintiff's attorney very soon. A second counter-affidavit, by plaintiff's attorney, denies that the attorney had ever spoken to Mrs. Cosby, and reasserts the facts set out in the first counter-affidavit. Defendants' brief clarifies the matter no further. It merely states the failure to answer was the result of excusable neglect and inadvertence.

The disposition of the matter, therefore, revolves around the factual controversy of whether the defendants were or were not misled. If defendants were misled, the legal question as to whether this constitutes excusable neglect arises. We find it unnecessary to reach the latter question.

In *Hurley v. Wilson*, 129 Wash. 567, 225 Pac. 441 (1924), appellant, who had suffered a default judgment because of her failure to appear, contended that she was misled by certain negotiations which led her to believe she would be given an opportunity to appear and defend if the negotiations failed. The trial court's order denying the motion to vacate the default judgment was affirmed because the evidence showed no abuse of discretion on the part of the trial court in resolving the contention against the defendant.

*Swasey v. Mikkelsen*, 65 Wash. 411, 118 Pac. 308 (1911), involved a motion to vacate a default judgment on the grounds stated in appellant's affidavit that the appellant had contacted respondent, was led to believe that the case would be settled out of court, and, as a result of these beliefs, did not appear or answer in the cause. A counter-

affidavit by respondent denied the representations. The court affirmed the trial court's denial of the motion and said at 415:

> On his own showing his case, in its final analysis, must stand or fall on his claim that the respondent misled him. The trial court resolved all the facts against him, and we cannot say that there was such an abuse of discretion as to require a reversal. *Hays v. Peavey*, 54 Wash. 78, 102 Pac. 889; *Livesley v. O'Brien*, 6 Wash. 553, 34 Pac. 134.

The denial of a motion to vacate a default judgment was affirmed in *Roth v. Nash*, 19 Wn.2d 731, 144 P.2d 271 (1943), where the crucial controversy was again factual. Appellants denied having been served with a summons and complaint, but respondent's controverting affidavits stated that such papers were served. The court said at 740:

> The trial judge, after hearing all the testimony, stated that he did not believe the appellants. The issue of fact and the evidence pertaining thereto were such as to put the trial court to the necessity of believing one set of witnesses in preference to the other. The evidence was certainly sufficient to support the court's conclusion, and we are in no position to say, from the record before us, that the court erred in that respect.

We think the instant case is governed by the above statements. There being no other contentions which were submitted to the trial court, and finding no abuse of discretion on the part of the trial court in disposal of the contentions presented to him, the judgment is hereby affirmed.

FINLEY, C. J., ROSELLINI, HALE, and McGOVERN, JJ., concur.