[No. 319-3.    Division Three.    November 11, 1971.]

DORIS CARMICHAEL, *Respondent,* v. DONALD E. CARMICHAEL, *Appellant.*

*Perry J. Robinson,* for appellant.

*Walter B. Dauber* (of *Tonkoff, Dauber & Shaw*), for respondent.

GREEN, J.—Defendant, Donald E. Carmichael, appeals from an order denying his motion to vacate a decree of divorce entered in favor of his wife, the plaintiff, Doris C. Carmichael.

On June 27, 1969, plaintiff served and filed a complaint

for divorce against defendant. Upon defendant's failure to appear, a temporary restraining order was entered July 2, 1969, awarding plaintiff temporary custody of the minor child, occupancy of the family home in Yakima and directed defendant to pay $100 per month temporary child support. On August 7, 1969, defendant filed a petition invoking family court procedures which were terminated by court commissioner's order on September 2, 1969.

On October 22, 1969, defendant having failed to answer, plaintiff secured an order of default. Thereupon, findings of fact, conclusions of law and a decree of divorce were entered awarding custody of the minor child to plaintiff and ordering defendant to pay $100 per month for support. Plaintiff was awarded two 1964 automobiles, the household goods and furnishings, the family home subject to outstanding encumbrances and two bank accounts containing $644.29. Defendant was awarded a 1966 Chevrolet pickup with camper and a 14-foot boat, with motor and trailer.

On October 22, 1969, plaintiff's attorney mailed a copy of the findings of fact, conclusions of law and decree of divorce to defendant who was then residing in Kennewick. Defendant stated he read these documents, but claimed he did not understand them. He did nothing further. Thereafter on November 15, 1969, he moved to Bellingham. On November 23, 1969, he remarried.

In January 1970 after defendant received a letter from plaintiff's attorney seeking payment of back child support, defendant for the first time hired an attorney and on March 13, 1970 moved to vacate the decree. A hearing was held on this motion. In addition to the facts outlined above, the hearing disclosed that upon being served with the divorce complaint, defendant became so mentally confused he was admitted to a Yakima hospital. On June 30, 1969 plaintiff and her daughters, at a physician's request, took defendant to American Lake Hospital where he remained until his release about August 1. These facts were not revealed to the trial court at the time the temporary restraining order and the temporary order as to custody, support and attor-

ney's fees were entered on July 2, 1969. Defendant testified that on being served with the divorce complaint he consulted an attorney in Yakima for about 15 minutes but did not hire him; upon his release from the hospital and without aid of counsel he secured the assistance of family court; and plaintiff and defendant both consulted with the family court commissioner who advised private counseling to no avail. Although denied by plaintiff, defendant contended he thereafter orally agreed with plaintiff to pay her $50 per month child support, to equally divide the bank accounts and the proceeds derived from a sale of their family home. He also testified that even though his address and place of employment were known to plaintiff and her attorney, he received no notice of the plaintiff's motion for default. The latter is uncontradicted.

When the divorce papers were served, defendant was employed by the Wilton Shoe Store in Yakima. Upon his release from the hospital, he returned to that employment. About October 5 he was promoted to manager of the Wilton Store in Kennewick. About November 15 he was transferred to the position of manager of the Wilton Shoe Store in Bellingham where he was employed at the time the motion to vacate was heard.

Upon the foregoing evidence, the trial court denied the motion to vacate. The trial judge in his oral decision stated that although there may have been an irregularity in the failure to give notice to the defendant, defendant waived his right to object to the portion of the decree awarding the family home and bank accounts to plaintiff by his conduct in failing to act promptly after receiving the final divorce decree. The trial judge did not find any great disparity in the amount of property awarded to each party; the testimony concerning the value of the family home varied from plaintiff's testimony of $12,000 to defendant's testimony of $17,500 subject to a mortgage of approximately $8,000. Defendant's claimed $17,500 was based upon a prior listing of the property for sale. However, they were unable to sell at that price. Therefore, there was no prima facie showing the

division was inequitable. Further, the court stated there was no showing the result would have been different had the issue of property values been submitted for decision in the course of a trial at which defendant was present.

■ A motion to vacate a default judgment is addressed to the discretion of the court, and the exercise of that discretion will not be disturbed unless abuse thereof is clearly shown. *Roth v. Nash,* 19 Wn.2d 731, 739, 144 P.2d 271 (1943); *Yeck v. Department of Labor & Indus.,* 27 Wn.2d 92, 95, 176 P.2d 359 (1947); *Lasell v. Beck,* 34 Wn.2d 211, 208 P.2d 139 (1949); *Borg-Warner Acceptance Corp. v. McKinsey,* 71 Wn.2d 650, 652, 430 P.2d 584 (1967).

■ After a careful review of the record in this case, we are unable to find an abuse of discretion. It seems clear from the nature of defendant's employment he was capable of reading and understanding the divorce papers received by him about October 23, 1969. He acknowledged reading them. Without registering his objection or consulting counsel, he remarried on November 23, 1969. While remarriage does not deprive the court of jurisdiction to vacate a final decree of divorce in a proper case, it is a circumstance to be considered in weighing the entire situation and may cause the court to hesitate in taking such action. *Walker v. Walker,* 151 Wash. 480, 485, 276 P. 300 (1929). Further, defendant made no mortgage payments on the family residence after the divorce, retained possession of the property awarded to him and moved to Bellingham where he undertook a new job. It was not until early January after he was pressed for support payments that he, for the first time, hired an attorney.

The judgment is affirmed, with each party to bear his own costs and attorney's fee on appeal.

MUNSON, C.J., and EVANS, J., concur.