[No. 403-2.    Division Two.    April 17, 1972.]

WESLEY M. WEBER, *Appellant,* v. FANNY M. WEBER, *Respondent.*

Gerry A. Reitsch (of Klingberg, Houston, Reitsch, Cross & Frey), for appellant.

D. L. Donaldson (of Walstead, Mertsching, Husemoen & Donaldson), for respondent.

PEARSON, J.—This is an appeal by the father, Wesley M. Weber, from a decree entered in the Cowlitz County Superior Court conditionally awarding custody of his three children to their mother, Fanny M. Weber. Wesley Weber assigns as error the refusal of the trial court to give full faith and credit to a North Dakota decree which had granted him custody of the children.

The parties first married in April, 1964, while residents of Oregon. After birth of the three children, they were divorced in Oregon on October 10, 1968. By stipulation, custody of the children was awarded to Wesley. Prior to the time of the divorce, Fanny Weber had moved to Kelso, Washington, but frequently exercised visitation of the children.

Subsequent to the divorce, the parties began talk of remarriage. In late 1968, Wesley Weber and the children traveled to North Dakota for the funeral of his uncle. He returned to Washington by himself and remarried Fanny in this state on February 1, 1969. The couple then traveled to North Dakota, ostensibly to pick up the children. Fanny testified that they intended to return to Washington with the children in 3 to 4 weeks. She left most of her personal possessions in Washington and Wesley paid Fanny's sister to take care of them until they returned. The stay in North

Dakota became protracted and the marriage again deteriorated. On May 28, 1969, Fanny returned permanently to Washington, bringing the children with her.

On June 30, 1969 Wesley commenced proceedings to annul the marriage in North Dakota. Fanny was not served with process nor did she appear or otherwise submit herself to the jurisdiction of the North Dakota court. A decree was entered on September 2, 1969, in which the marriage was annulled. One provision of the decree purported to reinstate the custody provisions of the earlier Oregon divorce decree fixing custody of the children in Wesley.

On October 9, 1969 Fanny instituted a divorce action in the Superior Court for Cowlitz County, Washington. Wesley was personally served in North Dakota and submitted himself to the jurisdiction of Washington by answering the complaint. In December, 1969 Wesley petitioned the Superior Court for Cowlitz County, seeking to register the North Dakota ex parte annulment decree. The two actions were consolidated for trial.

The trial court allowed registration of the North Dakota decree and gave full faith and credit to the provisions which terminated the marriage. However, the court heard the custody issue and entered a decree making the children temporary wards of the court for 6 months, with physical control in Fanny Weber. At the expiration of that period, she would receive unconditional custody if a favorable report were made by the Department of Public Assistance.

Wesley contends that the trial court erred in refusing to give full faith and credit to the custody provisions of the North Dakota decree. We disagree.

■ ■ It is clear that at the time the annulment proceeding was commenced, Fanny and the children were domiciled in Washington. *Stevens v. Stevens*, 4 Wn. App. 79, 480 P.2d 238 (1971). She had violated no court decree in bringing the children to Washington in May, 1969. She did nothing to submit herself to in personam jurisdiction of the North Dakota court.

In a similar case involving a California decree it was said

in *Pickler v. Pickler,* 5 Wn. App. 627, 629, 489 P.2d 932 (1971):

Where a parent was neither domiciled, resident nor present in California, the California court lacked jurisdiction as against Washington to deprive the absent parent of his personal right to the care, custody, management and companionship of his minor children.

The custody of one's children is a personal right which cannot be cut off without in personam jurisdiction having been obtained. *May v. Anderson,* 345 U.S. 528, 97 L. Ed. 1221, 73 S. Ct. 840 (1953).

It also cannot seriously be argued that the children were domiciled in North Dakota at the time the decree was entered, so as to give the courts of that state jurisdiction over them to enter a valid custody decree. At the time that proceeding was commenced, the parties were legally married. Both parents had equal rights with respect to child custody. (*See* RCW 26.16.125.) The children were residing in Washington with their mother, and consequently were domiciled in Washington. *See In re Burns,* 194 Wash. 293, 77 P.2d 1025 (1938) where it was stated at page 301:

[W]here the father and mother have equal rights and are constituted joint guardians of their minor children, and when that is the case, if the parents have separate domiciles, a child takes the domicile of the parent with whom it lives in fact.

■ We conclude that the North Dakota court lacked jurisdiction to enter the custody decree and that part of the decree was not entitled to full faith and credit here. We also conclude that as the children were domiciled in Cowlitz County, Washington, and as both parties had submitted to the jurisdiction of that court, there can be little doubt that the custody issue was properly before the superior court there. *See In re Rankin,* 76 Wn.2d 533, 458 P.2d 176 (1969), and *Betts v. Betts,* 3 Wn. App. 53, 473 P.2d 403 (1970).

■ Finally, we cannot find an abuse of discretion in the trial court's determination to award conditional custody of

the three young children to their mother, Fanny Weber. The discretion in this area is broad. *See In re Palmer,* 6 Wn. App. 486, 494 P.2d 233 (1972). The evidence does not *clearly preponderate* against the trial court's finding on the custody issue. *Chatwood v. Chatwood,* 44 Wn.2d 233, 266 P.2d 782 (1954); *Richards v. Richards,* 5 Wn. App. 609, 489 P.2d 928 (1971).

The paramount interest is the welfare of the children. *Barstad v. Barstad,* 74 Wn.2d 295, 444 P.2d 691 (1968). Both parents were before the trial court and it was obvious from the court's oral opinion that the custody question was given careful consideration. The children were young, namely ages 5, 4, and 2. They had, by the time of trial, lived with their mother in Washington for some 15 months. While Fanny Weber had engaged in past misconduct, which we see no purpose in repeating, the conditional order was intended to give the court an additional period in which to make a final determination that would serve the best interests of the children.

■ We also deem it of special significance that the hearing in Cowlitz County was the first custody hearing in which both parties were before the court. Assuming, but without deciding, that the North Dakota annulment decree might revive the preexisting Oregon custody decree, we adhere to the rule that custody may be modified *without* a showing of changed circumstances where both parents are before the court for the first time. *In re Rankin, supra.*

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.