[No. 1295-2.    Division Two.    February 28, 1975.]

JUDY A. ALLEN, *Respondent*, v. JOHN R. ALLEN, *Appellant*.

*Lester Stritmatter* and *Stritmatter & Stritmatter*, for appellant.

*Judy Allen*, pro se.

PEARSON, J.—In a post-divorce petition to modify the custody provisions of the decree, the trial court granted an in-trial oral motion of the petitioner's counsel to vacate the entire decree of divorce on the grounds that the parties had cohabited while the trial of the original action was pending. The ruling was made despite the fact that both parties had married other persons in reliance upon the decree.

For the reasons stated below, we hold that the order vacating the decree was an abuse of discretion and the order is reversed and the decree of divorce reinstated.

Respondent, Judy A. Jones, had commenced the divorce action in February 1972, against her husband, the appellant

John R. Allen. From May to July of that year the parties resumed cohabitation. Respondent was then informed by her counsel that the action should be dropped. Reconciliation efforts were unsuccessful and respondent left her husband and took their two children to Minnesota. There she lived with a man to whom she is now married.

In October of 1972 appellant filed an answer to his wife's divorce complaint and counterclaimed for divorce. Respondent's attorney had difficulty locating her and she was not notified of the answer and counterclaim.

In November 1972 the case was set for a January 1973 trial. Notice of the trial setting was delivered to respondent. She took no action because of her belief that the divorce action had been dismissed. Her attorney made no effort to contact her and he likewise neglected to note the trial date on his calendar.

On the morning of the trial, neither respondent nor her counsel appeared and when counsel was contacted by appellant's counsel, the latter was directed to proceed with the trial.

The divorce decree granted appellant the divorce and awarded him custody of the children, who at that time were with respondent in Minnesota. The marriage of both parties to other spouses took place subsequent to and in reliance upon the divorce decree.

In August of 1973 the respondent, having obtained new counsel, petitioned the court for modification of the custody provisions of the decree. No other issues or motions were brought before the court by the petition or by appellant's answer to the petition.

During the December 1973 hearing on the petition, the court became interested in testimony that the parties had cohabited in 1972 during the unsuccessful reconciliation attempt, and the implication therefrom that condonation may have been a defense to the divorce action. At this point in the proceeding respondent's counsel moved that the decree be set aside and the motion was granted without any further attempt to explore the circumstances surrounding the

attempted reconciliation; in fact, the appellant was not allowed an opportunity to present his side of the interjected issue of condonation. The court did not pass upon the child custody issue—that being the original purpose of the hearing. The respondent, having exhausted her funds, did not participate in the appeal.

It is regrettable that respondent's ignorance and her first attorney's lack of diligence combined to prevent her from presenting her case for custody of the children at the proper time. But an order nullifying the decree under the circumstances described, where both parties had remarried in reliance upon the decree, was not only an improper response, but was without legal foundation, either from a procedural or a substantive standpoint. The oral motion to vacate the decree was frivolous and should have been summarily denied.

■ As a procedural matter, the motion to vacate was not properly before the court. The requirements of CR 60(e) were disregarded. That rule prescribes the procedures for bringing a motion to vacate before the court. It allows the adverse party an opportunity to file a response and prepare to meet the issue at a scheduled hearing. In this instance appellant was afforded neither the opportunity to prepare a response to the motion nor an opportunity to present evidence once the oral motion was made. This is inconsistent with well-established procedural due process principles.

■ But even assuming the motion had been properly before the court, the testimony presented was insufficient in law to warrant an exercise of discretion to vacate the decree. The testimony concerning the cohabitation during the pendency of the action would not have established a meritorious defense to appellant's cross claim for divorce, had it been presented at the original trial. *See Beckett v. Cosby*, 73 Wn.2d 825, 440 P.2d 831 (1968); *Lasell v. Beck*, 34 Wn.2d 211, 208 P.2d 139 (1949). To establish a prima facie defense of condonation it must appear that the parties reconciled on a "forgive and forget" basis on condition that

the offensive conduct would not be repeated. *Murray v. Murray*, 38 Wn.2d 269, 229 P.2d 309 (1951); *Brunson v. Brunson*, 2 Wn. App. 809, 472 P.2d 586 (1970). *See* H. Clark, *Law of Domestic Relations* § 12.10 (1968).

Here appellant's divorce was granted on grounds of cruel treatment and because respondent was then living with a man not her husband—a fact to which respondent admits. Thus any condonation which may have arisen from the parties' 1972 reconciliation was vitiated by respondent's subsequent action in leaving appellant and engaging in meretricious conduct; or alternatively, it gave rise to new grounds for divorce.

Wholly aside from these procedural and substantive objections, however, and recognizing the discretionary aspects of a decision to vacate a judgment (*Carmichael v. Carmichael*, 5 Wn. App. 715, 490 P.2d 442 (1971)), a court should be extremely reluctant to vacate a decree of divorce. *Winstone v. Winstone*, 40 Wash. 272, 82 P. 268 (1905). This is especially true when the parties have subsequently remarried in reliance upon a divorce which they both desired. *See Carmichael v. Carmichael*, *supra*. Granting the motion in this case did not serve the ends of justice and must be regarded as an abuse of discretion. *See Roth v. Nash*, 19 Wn.2d 731, 144 P.2d 271 (1943). On the contrary, it complicated the parties' legal affairs by casting doubt on the validity of their subsequent marriages. Further, it has delayed the determination of the question of child custody for more than a year.

We are remanding the case back to the trial court with directions to reinstate the January 17, 1973, divorce decree, and for a prompt determination of the custody issue, pursuant to custody modification guidelines set out in *In re Rankin*, 76 Wn.2d 533, 458 P.2d 176 (1969); *Klettke v. Klettke*, 48 Wn.2d 502, 294 P.2d 938 (1956); and *Weber v. Weber*, 6 Wn. App. 722, 496 P.2d 576 (1972).

ARMSTRONG, C.J., and PETRIE, J., concur.