[No. 45157-0-I. Division One. July 3, 2000.]

DONALD A. STOULIL, ET AL., *Respondents*, v. EDWIN A. EPSTEIN, JR., OPERATING COMPANY, ET AL., *Appellants*.

---

*John A. Bender, Jr.*, and *Joanie Y. Kim* (of *Weiss, Jensen, Ellis & Howard, P.S.*), for appellants.

*Martin T. Silver* (of *Silver & Nagler*), for respondents.

AGID, C.J. — This case presents the question whether a trial court may deny a CR 60(b) motion to vacate without oral argument when the nonmoving party has responded to the motion, neither party's affidavits raise disputed issues of fact, and the motion itself raises issues that could have been raised at trial. We hold that it can and affirm.

## FACTS

In January 1992, Donald, Richard, and Gordon Stoulil loaned $200,000 to Edwin Epstein so that Epstein could purchase an option on certain mineral leases.[1] The short-term promissory note securing the loan provided for a 10 percent rate of interest and specified that the principal and interest would be due no later than February 28, 1992.[2] As separate consideration, the note granted the Stoulils a three percent working interest in all wells to be drilled on the property covered by the leases acquired under the option.[3] Epstein defaulted on the note.

In June 1994, Donald informed Epstein that he needed $175,000 to finish constructing his new home, so Epstein arranged for Dr. Andrew Welch to pay $175,000 directly to the Stoulils in exchange for an interest in certain mineral leases. The parties dispute the character of this payment. At the trial on Epstein's liability for the $200,000 loan under the promissory note, Donald testified that Welch's payment was consideration for the transfer of the Stoulils' three percent working interest under the original promissory note. Epstein argued that because the lease under which the Stoulils held their working interest expired in June 1994, the Stoulils had no interest to transfer to Welch. Epstein characterized Welch's payment as consideration for Epstein's transfer of his own interest under a different gas well lease. Epstein further claimed that Donald had agreed that the $175,000 would be credited to amounts Epstein owed the Stoulils under the promissory note. The trial court determined that Epstein had failed to prove that the parties had agreed to the credit and did not allow the offset.

[1] Epstein is a "wildcatter" in whose gas well ventures the Stoulils had previously invested.

[2] The note also provided for a 12 percent per annum default rate of interest and gave the prevailing party costs and attorney fees if collection were undertaken on the note.

[3] Several months later, the Stoulils claim they advanced an additional $224,000 to be used in connection with the leases acquired under the option, but the trial court found insufficient evidence of this oral agreement, and it is not at issue here.

■ After the trial, Epstein's accountant reviewed several of Donald's tax records that had been introduced during pretrial discovery, and noticed for the first time that Donald had not reported the $175,000 he received from Welch as capital gains income on his 1995 tax return. Reasoning that the only "explanation for not reporting the Welch monies is that the $175,000 was to be credited on the promissory obligation," Epstein filed a motion to vacate under CR 60(b) and "requested a showing that Mr. Stoulil had ever treated the Welch proceeds as sales proceeds for Internal Revenue Code purposes." Epstein claims that after he filed this initial motion, "it became apparent from communications between counsel that in fact Mr. Stoulil had not claimed $175,000 in sales proceeds on tax returns." Contending that this fact "changed the focus of [his]; inquiry and raised greater applicability of the catch-all provisions of CR 60(b)(11)," Epstein amended his motion to request an evidentiary hearing, claiming:

> Plaintiffs procured judgment in their favor by testifying that the $175,000 Welch transaction was a purchase and sale and did not constitute Epsteins' repayment of a loan. That testimony unknowingly involved Court and counsel in the Stoulils' ongoing and substantial breach of the Internal Revenue Code, and supports the relief being sought herein.

Without scheduling a hearing or taking evidence, the trial court denied Epstein's CR 60(b) motion. Epstein appeals.[4]

## DISCUSSION

CR 60(b) permits parties to seek relief from a final judgment, order, or proceeding for reasons that include mistake, inadvertence, erroneous proceedings, newly discovered evidence, fraud, or "(a)ny other reason justifying relief from the operation of the judgment."[5] CR 60(e), which

---

[4] A decision under CR 60(b) will not be overturned on appeal unless it plainly appears that the trial court exercised its discretion on untenable grounds or for untenable reasons. *Knies v. Knies*, 96 Wn. App. 243, 248, 979 P.2d 482 (1999).

[5] CR 60(b)(11)

governs the vacation procedure, provides that after the party seeking vacation submits a motion and affidavit setting forth the facts upon which the motion is based, "the court shall enter an order fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted."[6] Here, although Epstein requested oral argument in his amended CR 60(b) motion, the trial court denied the motion without argument. Epstein argues that CR 60(e) unequivocally requires oral hearings on motions to vacate, while the Stoulils contend that nothing precludes a trial court from issuing an order in favor of the nonmoving party without hearing oral argument if that party received notice of the motion and had an opportunity to respond. We agree.

■ When a judge ruling on a motion to vacate presided over the trial, the nonmoving party had ample opportunity to respond and did not request oral argument, and the motion is based on undisputed facts that could have been presented at trial,[7] a trial judge may deny a CR 60 motion without hearing argument. The "apparent purpose of [CR 60(e)(3)] is purely to provide notice to an opposing party"[8] and to allow that party to show cause why the requested relief should not be granted. The Stoulils clearly had notice and an opportunity to respond here.

Further, Epstein's motion does not warrant CR 60(b) relief. He claims that this situation is "directly analogous"

---

[6] CR 60(e)(2).

[7] Oral testimony at a CR 60(b) hearing "is not the general rule and is discretionary" with the trial court when the motion does not raise disputed issues of fact. *In re Marriage of Irwin*, 64 Wn. App. 38, 61, 822 P.2d 797, *review denied*, 119 Wn.2d 1009, 833 P.2d 387 (1992). When a CR 60(b)(4) motion does raise disputed facts, a court errs by "vacating the judgment without first hearing and weighing testimony regarding fraud, misrepresentation or other misconduct." *In re Marriage of Maddix*, 41 Wn. App. 248, 252, 703 P.2d 1062 (1985).

[8] *Lindgren v. Lindgren*, 58 Wn. App. 588, 593, 794 P.2d 526 (1990), *review denied*, 116 Wn.2d 1009, 805 P.2d 813 (1991); *see also Allen v. Allen*, 12 Wn. App. 795, 797, 532 P.2d 623 (1975) (CR 60(e) "allows the adverse party an opportunity to file a response and prepare to meet the issue at a scheduled hearing.").

to that in *Hazel-Atlas Glass Co. v. Hartford Empire Co.*,[9] in which a person fraudulently obtained a patent and then commenced a successful patent infringement action against Hazel-Atlas. When the Supreme Court discovered this "deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals," it ordered vacation of the judgment in favor of the party who had obtained the fraudulent patent.[10] Here, in contrast, the Stoulils produced their income tax returns for the years relevant to this case early in the trial, and Epstein failed to examine them or introduce them at trial. And as the Stoulils point out, Epstein has not shown there was any impropriety in omitting the transaction from Donald's tax return. An omission on an income tax return may well result from mistake, inadvertence, oversight, or reliance on poor accounting advice. Epstein contends that the court had a "duty" to set a hearing because the testimony and evidence relevant to the issues were never fully brought to the superior court's attention. But Epstein's own failure to bring the tax documents to the trial court's attention at trial does not give rise to a "duty" on the trial court's part to grant his hearing request and allow him to present arguments he could have presented at trial.

■ Because the promissory note in this case provides for reasonable attorney fees for the prevailing party, the Stoulils are entitled to fees on appeal.[11]

Affirmed.

KENNEDY and BECKER, JJ., concur.

---

[9] 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944).

[10] *Hazel-Atlas Glass Co.*, 322 U.S. at 245-46.

[11] A provision in a contract providing for attorney fees in an action to collect any payment due under the contract includes both fees necessary for trial and those incurred on appeal. *Granite Equip. Leasing Corp. v. Hutton*, 84 Wn.2d 320, 327, 525 P.2d 223 (1974).