IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of | No. 79298-9-I |
| HARWINDER SINGH, | |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| RAJDEEP KAUR, | FILED: March 16, 2020 |
| Appellant. | |

PER CURIAM — Rajdeep Kaur appeals an order dismissing her motion to vacate a decree of dissolution. Kaur contends her ex-husband, Harwinder Singh, forged her signature on the petition for dissolution, decree of dissolution, and findings of fact and conclusions of law. She further contends the court denied her due process during the hearing on her motion to vacate. We affirm.

## FACTS

On March 26, 2016, Rajdeep Kaur and Harwinder Singh married in Surrey, Canada. Thereafter, Kaur and Singh resided in Bellingham, Washington.

In 2016, Kaur moved out of the couple's Bellingham home and moved in with her family in Canada. Singh subsequently completed dissolution paperwork and arranged to present it to Kaur.

On October 1, 2016, Singh sent a text message to Kaur, "When are you ready to sign [?]. I'm bringing the docs."[1] Kaur replied, "I'm ready."[2]

On October 9, 2016, Singh traveled with several of his family members to Canada to present Kaur with the dissolution paperwork. According to Kaur, Singh assaulted and threatened her during his visit and police arrested him.

On October 11, Singh's family members convinced Kaur to sign and join in the petition for dissolution.

On February 15, 2017, Singh presented a proposed stipulated decree of dissolution and findings of fact and conclusions of law for entry with the court. The court signed the decree of dissolution and findings of facts and conclusions of law.

On April 21, 2017, the Whatcom County chief deputy clerk e-mailed copies of the decree of dissolution and findings of fact and conclusions of law to both parties.

On September 6, 2017, Kaur filed a motion to "cancel divorce," arguing Singh forged her signature on the petition for dissolution, decree of dissolution, and findings of fact and conclusions of law.[3] Kaur stated she was "ready to invest in [a] forgery analysis report and prove that those signatures are not [hers]."[4] In response, Singh filed two declarations from family members who had accompanied him to Canada on October 9, 2016 and who had witnessed Kaur

---

[1] Ex. 1.

[2] Id.

[3] Clerk's Papers (CP) at 38-39.

[4] CP at 26.

sign the dissolution paperwork. Singh also filed a declaration denying any alleged fraud and stating that Kaur continued to harass him regarding the divorce. Singh added that he remarried in April 2017, and that Kaur "made complaints against [him] to the Indian Authorities that [he] was involved in bigamy."[5]

In a memorandum in which he characterized Kaur's motion as a CR 60(b)(4) motion to vacate based on fraud, Singh argued that the evidence failed to demonstrate fraud.

During the initial hearing on Kaur's motion, the parties agreed to nominate, and have the court appoint, a handwriting expert under ER 706.

At the next hearing, Singh and Kaur nominated handwriting experts. The court asked Kaur if she had read the provisions of ER 706. She replied she had not, and the court continued the hearing to October 20, 2017. The court confirmed that the parties would pay for the expert and that the court would take their financial situations into consideration.

On October 20, the court again continued the hearing to appoint a handwriting expert due to issues with service and the parties' inability to agree on an expert.

On November 8, 2017, the court issued an order to show cause why Jacqueline Joseph should not be appointed as the court's expert witness. On

---

[5] CP at 48.

November 15, 2017, the court appointed Joseph and notified the parties "the expense of the expert would be burdensome to both parties."[6]

On June 12, 2018, following a hearing, the court concluded that neither party could contribute financially to Joseph's $1,500 retainer. The court found adequate cause to proceed without an expert and entered an order directing Kaur to set the matter for an evidentiary hearing.

At the hearing, Kaur called herself and her father to testify. Singh did not testify or call witnesses. The court dismissed the motion to vacate, finding "ample evidence . . . that this signature [on the petition for dissolution] matches multiple signatures" Kaur identified as being her own.[7] Kaur appeals.

## ANALYSIS

### RAP Violations

We first address Singh's contention that Kaur's appeal should be dismissed for failing to comply with our Rules of Appellate Procedure (RAP).

"[P]ro se litigants are bound by the same rules of procedure and substantive law as attorneys."[8] Failure to comply with the RAP and related case law may preclude review.[9] For example, arguments unsupported by references to the

---

[6] CP at 118-120.

[7] Id. at 66-67.

[8] Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

[9] State v. Marintorres, 93 Wn.App. 442, 452, 969 P.2d 501 (1999).

record or citation to authority need not be considered.[10] Appellate courts are not required to search the record to locate portions relevant to a litigant's arguments.[11] And conclusory claims presented without meaningful argument need not be considered.[12] Kaur's opening brief violates these principles.

The "Argument" section of her brief is wholly inadequate and violates RAP 10.3(a)(6), which requires "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Kaur's argument section cites no legal authority or relevant parts of the record and contains no meaningful legal analysis.

RAP 10.3(a)(5) requires the appellant's brief to include "[a] fair statement of the facts and procedure relevant to the issues presented for review, without argument. Reference to the record must be included for each factual statement." Kaur's statement of the case contains no references to the record. To the extent her "Summary of Argument" is intended to function as a statement of the case, it too lacks any references to the record.

Under RAP 10.3(a)(8), "[a]n appendix may not include materials not contained in the record on review without permission from the appellate court." The appendix to Kaur's opening brief contains documents outside the record on

---

[10] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[11] Mills v. Park, 67 Wn.2. 717, 721, 409 P.2d 646 (1966).

[12] State v. Rafay, 168 Wn.App. 734, 843, 285 P.3d 83 (2012).

5

appeal. Kaur does not demonstrate grounds for supplementing the record on appeal under RAP 9.11.

Taken together, these omissions are fatal to Kaur's appeal. In addition, her arguments on appeal are meritless.

*Handwriting Expert*

Kaur contends the court erred in failing to provide a handwriting expert to testify at the evidentiary hearing. Under ER 706(a) and (b), the court may appoint an expert witness, and

> [e]xcept as otherwise provided by law, the [expert's] compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.[13]

Expert appointments under ER 706 are reviewed for abuse of discretion.[14]

Here, the trial court appointed an expert, but concluded the parties would be responsible for compensating him. When it became clear that neither party could pay the expert, the court proceeded without one. The court's actions were consistent with ER 706, and Kaur fails to demonstrate otherwise.

Due Process

Kaur claims she was denied procedural due process, arguing that she did not receive a reasonable opportunity to examine witnesses. Kaur claims she

---

[13] ER 706(b); Moore v. Snohomish County, 112 Wn.2d 915, 922, 774 P.2d 1218 (1989).

[14] In re Welfare of Angelo H., 124 Wn. App. 578, 588, 102 P.3d 822 (2004).

"didn't get any chance to examine the original Petitioner Harwinder Singh and any other witnesses from his side."[15] The record does not support this claim.

At the outset of the evidentiary hearing, the court asked Kaur if she intended to call witnesses. She responded she would call herself and her father. After Kaur and her father testified, the court asked, "[D]o you have any other witnesses today?"[16] Kaur responded, "No."[17] Singh was present at the hearing and did not present any witnesses. Kaur had a full and fair opportunity to examine Singh and chose not to. There was no due process violation.

*Motion to Vacate*

Kaur contends the court abused its discretion in denying her motion to vacate. We review a court's decision on a motion to vacate for abuse of discretion.[18] A court abuses its discretion if the decision is manifestly unreasonable or based on untenable grounds.[19] "An abuse of discretion exists only when no reasonable person would take the position adopted by the trial court."[20] In dissolution cases, courts are "extremely reluctant to vacate a decree"

---

[15] Appellant's Br. at 2.

[16] RP (Nov. 14, 2018) at 65-66

[17] Id. at 66.

[18] In re Marriage of Shoemaker, 128 Wn.2d 116, 120-21, 904 P.2d 1150 (1995).

[19] Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting Associated Mortg. Inv'rs v. G. P. Kent Constr. Co., 15 Wn. App. 223, 229, 548 P.2d 558 (1976)).

[20] Little v. King, 160 Wn.2d 696, 710, 161 P.3d 345 (2007).

because "[t]he emotional and financial interests affected by [dissolution] decisions are best served by finality."[21]

CR 60(b)(4) authorizes vacation for fraud, misrepresentation, or other misconduct. Here, Kaur moved to vacate the decree on the ground that it was obtained by fraud. But she failed to carry her burden of establishing fraud by clear, cogent, and convincing evidence.[22]

Kaur testified that she did not sign the dissolution papers. But she conceded that the signatures on her passports were consistent with the signatures on the dissolution documents signed October 11. She further conceded that the signatures on her September 6, 2017 note for motion, motion, and declaration admitted as Exhibit 3 matched her passport signature. In addition, text messages between Singh and Kaur about signing documents, which Kaur claimed were about *car* documents, were admitted as an exhibit.

The court found no evidence had been presented "to give the court any basis for questioning the [authenticity of the] signature on the petition for dissolution and the findings of facts and conclusions of law that were presented to the court in November of 2016." On the other hand, the court found "ample evidence" that the allegedly forged signatures matched multiple signatures that Kaur admitted were hers. The court also determined that both Kaur and her father

---

[21] Allen v. Allen, 12 Wn. App. 795, 798, 532 P.2d 623 (1975); In re Marriage of Landry, 103 Wn.2d 807, 809, 699 P.2d 214 (1985).

[22] Baddeley v. Seek, 138 Wn. App. 333, 339, 156 P.3d 959 (2007).

gave inconsistent answers during their testimony. The record supports these findings.

Because Kaur failed to prove fraud by clear and convincing evidence, the court did not abuse its discretion in dismissing her motion to vacate the dissolution decree.

Affirmed.

_Chun, J._

_Andrus, J._          _Mann, ACJ_