IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| E3 LAND, LLC, a Washington limited liability company, | ) ) ) | No. 39636-3-III |
| Respondent, | ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| PETER ERIKSEN, a single man, and MARY E. ERIKSEN, a single woman; PETER ERIKSEN, as Trustee of the RO Trust, | ) ) ) ) | |
| | ) | |
| Appellants. | ) | |

COONEY, J. — In 2017, the Grant County Superior Court entered an order that quieted title and ejected Peter Ericksen and his mother, Mary Ericksen, from the real property at issue in the lawsuit. In 2023, Mr. Eriksen filed a motion to dismiss E3 Land, LLC's (E3 Land) 2017 complaint, claiming that E3 Land lacked standing to bring the claims. The trial court denied Mr. Eriksen's motion. Mr. Eriksen appeals.

We affirm.

BACKGROUND

In 2016, the Grant County treasurer issued a certificate of delinquency and tax lien on a variety of properties. Included in these properties were four parcels in Grant County, designated APN 21-0302-000, APN 21-0303-000, APN 21-0304-000, and APN 21-0307-000 (Property). At the time the certificate of delinquency and subsequent tax lien issued, the Property was owned by the RO Trust, of which Mr. Eriksen was the trustee.

In June 2016, the Grant County treasurer filed suit to foreclose the delinquent tax lien. In October 2016, the trial court issued a judgment that foreclosed the tax liens and authorized the Grant County treasurer to sell the Property at a tax sale. Prior to the tax sale, Mr. Eriksen, as trustee of the RO Trust, quitclaimed the Property to himself. On November 17, 2016, Mr. Eriksen recorded a "Notice of Update to Land Patent #235" with the Grant County auditor. Supp. Clerk's Papers (SCP) at 150.

A public tax sale was held on November 18, 2016. At the tax sale, E3 Land purchased the Property for $2,802,200.00. On November 28, 2016, the Grant County treasurer issued a treasurer's tax deed, that was recorded with the Grant County auditor the following day. Following the sale, RO Trust received $2,731,890.56 in surplus revenue from the tax sale. After the tax deed was recorded, Mr. Eriksen and his mother, Ms. Eriksen, continued to reside on the Property. Consequently, E3 Land filed a

2

complaint in the Grant County Superior Court to quiet title, to eject Mr. Eriksen and his mother from the property, and for damages.

Mr. Eriksen removed the matter to the United States District Court for the Eastern District of Washington, alleging federal jurisdiction under his land patent. The federal court disagreed with Mr. Eriksen's subject matter jurisdiction argument and remanded the matter back to state court.

Following remand, E3 Land filed a motion for partial summary judgment, seeking, among other remedies, an order to quiet title and to eject Mr. Eriksen and his mother from the Property. In response, Mr. Eriksen argued the state court lacked subject matter jurisdiction because his land patent defense fell under federal law. The trial court granted E3 Land's motion, ordering that title be quieted in E3 Land's name, that the Eriksens be ejected from the property, that E3 Land's injunction bond be exonerated, and that E3 Land be awarded reasonable attorney fees. Mr. Eriksen unsuccessfully moved for reconsideration of the trial court's order on summary judgment.

Mr. Eriksen appealed the trial court's order to this court. While the appeal was pending, Mr. Eriksen also filed several motions and correspondences with the Grant County Superior Court. Ultimately, the superior court found that Mr. Eriksen's filings were "overly broad, unduly burdensome to the Court and opposing counsel, and evidence[d] an abuse of the process." SCP at 448. Therefore, the superior court barred Mr. Eriksen from filing any further motions absent prior court approval. On May 11,

2020, we terminated review based on Mr. Eriksen abusing the court rules solely to delay the proceedings.

On January 11, 2023, Mr. Eriksen filed a motion in the superior court seeking dismissal of the adjudicated 2017 quiet title and ejectment complaint. In his motion, Mr. Eriksen argued that E3 Land lacked standing to bring the original action. Mr. Eriksen continued to assert that the land patent precluded E3 Land from having an interest in the Property.

The trial court considered Mr. Eriksen's motion to dismiss a CR 60(b) motion. The trial court denied the CR 60(b) motion without oral argument. In denying the motion, the trial court found "it lack[ed] factual support or a proper legal basis, has been previously litigated and presents no new facts, and was not 'made within a reasonable time' as required by CR 60(b)(11)." Notice of Appeal at 3. Mr. Eriksen then sought review with the Washington State Supreme Court. The Supreme Court transferred the appeal to this court.

ANALYSIS

On appeal, Mr. Eriksen assigns two errors to the trial court's order: (1) before deciding his motion to dismiss, the trial court was required to first consider his "Request For Order To Schedule Motion To Dismiss," and (2) the trial court erred when it denied his motion "because plaintiff failed to prove a valid subsisting interest in property and a

4

right to possession thereof." Second Am. Br. of Appellants at 5. We disagree with his first contention and, for procedural reasons, decline to address his second.

TRIAL COURT'S FAILURE TO SCHEDULE A MOTION TO DISMISS

Mr. Eriksen argues the trial court erred in denying his CR 60(b) motion prior to addressing his Request For Order To Schedule Motion To Dismiss. We review a court's decision under CR 60(b) for abuse of discretion. *In re Marriage of Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990). We will not overturn the trial court's order unless it exercised its discretion on untenable grounds or for untenable reasons. *Id.*

Citing to the freedom of speech guarantee of the First Amendment to the United States Constitution and the due process clause of the Fifth Amendment to the United States Constitution, Mr. Eriksen asserts he should have been offered a hearing (presumably to present oral argument) prior to the court deciding his motion. RAP 10.3(a)(6) requires an appellant provide an argument supporting the issues presented for review, including citations to authority and the record.

Because Mr. Eriksen's briefing lacks any relevant legal or factual argument supporting this assignments of error, we could decline to consider the issue. *See Satomi Owners Ass'n v. Satomi*, *LLC*, 167 Wn.2d 781, 808, 225 P.3d 213 (2009). However, in exercising the discretion afforded to us under RAP 10.3, we address Mr. Eriksen's alleged error.

CR 60(e)(2) states that the "court shall enter an order fixing the time and place of the hearing." The intent of this provision is to give notice to parties who may be affected by a requested vacation the opportunity to oppose it. *Stoulil v. Edwin A. Epstein, Jr., Operating Co.*, 101 Wn. App. 294, 298, 3 P.3d 764 (2000); *see also Allen v. Allen*, 12 Wn. App. 795, 797, 532 P.2d 623 (1975). The rule does not, however, guarantee a party the right to a hearing. *Stoulil*, 101 Wn. App. at 298. Here, E3 Land, as the party potentially affected by the requested vacation, received notice of the motion and had an opportunity to respond. Consequently, the trial court did not abuse its discretion when it decided Mr. Eriksen's motion without first considering his Request For Order To Schedule Motion To Dismiss.

FAILURE TO ASSIGN ERROR TO COURT'S TIME BAR FINDING

Mr. Eriksen failed to assign error to the trial court's finding that his motion was untimely. CR 60(b) provides the basis through which a party may seek relief from a judgment or order. Motions brought under CR 60(b)(1)-(3) must be made within one year from the date of the entry of the order or judgment. Motions brought under CR 60(b)(4)-(11) must be made within a reasonable time. A determination of what constitutes a reasonable amount of time "depends on the facts and circumstances of each case." *State ex rel. Campbell v. Cook*, 86 Wn. App. 761, 766, 938 P.2d 345 (1997). Inherent in CR 60(b)'s time limitation standards is a requirement that the trial court adjudge the motion timely before addressing its merits.

In denying Mr. Eriksen's motion to dismiss, the trial court found the motion was not made within a reasonable time as required by CR 60(b). Mr. Eriksen has not assigned error to this finding. If an appellant fails to assign error to a specific finding, the finding becomes a verity on appeal. *In re Est. of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Similarly, a failure to assign error to the trial court's conclusions of law precludes consideration on appeal. *Bank of Wash. v. Burgraff*, 38 Wn. App. 492, 500, 687 P.2d 236 (1984); RAP 10.3(a)(4), (6). However, an appellant's failure to assign error to specific findings of fact may be excused when the briefing makes the nature of the challenge clear and the challenged finding is argued in the text of the brief. *Noble v. Lubrin*, 114 Wn. App. 812, 818, 60 P.3d 1224 (2003).

Mr. Eriksen's six-page brief lacks any authority, reference, or argument challenging the trial court's finding that his CR 60(b) motion was untimely. Likewise, Mr. Eriksen fails to challenge the trial court's conclusion that his motion was time barred under CR 60(b) and provides no argument that it was erroneous. Because Mr. Eriksen neglected to assign error to the trial court's finding that his motion was untimely, we decline to address the merits of the underlying motion.

ATTORNEY FEES

E3 Land contends Mr. Eriksen's appeal is frivolous and requests an award of attorney fees and costs. RAP 18.9(a), in part, provides:

> The appellate court on its own initiative or on motion of a party may order a party or counsel . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.

"These compensatory damages typically involve payment of part or all of the moving party's attorney fees." *Boyles v. Dep't of Ret. Sys.*, 105 Wn.2d 499, 506, 716 P.2d 869 (1986).

When determining whether an appeal is frivolous, we are guided by the following principles:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Id.* at 506-07.

In considering the record as a whole, Mr. Eriksen's appeal is frivolous. Rather than addressing the preliminary issue of the untimeliness of his CR 60(b) motion, Mr. Eriksen, without citing any authority or presenting any argument, complains he was denied a hearing and that E3 Land lacked standing. Such bare assertions fail to present any debatable issues on which reasonable minds could differ. Mr. Eriksen's claims are so devoid of merit that there is no reasonable possibility of reversal.

Accordingly, we grant E3 Land's motion for attorney fees and costs.

No. 39636-3-III
*E3 Land LLC v. Eriksen*

## CONCLUSION

We affirm the trial court and award E3 Land attorney fees and costs as provided under RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

9